NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | : | **Hon. Dennis M. Cavanaugh** |
|---|---|---|
| STEPHEN AGYABENG, | : | |
| | : | **OPINION** |
| Plaintiff, | : | |
| | : | Civil Action No. 09-CV-730 (DMC) |
| v. | : | |
| | : | |
| KMART CORP., MICHAEL TURNER, | : | |
| JAY REYES, SHELDON SAMMY, | : | |
| JOHN DOES (1–12), and XYZ CORP. | : | |
| (1–12), | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Stephen Agyabeng ("Plaintiff") to remand this action to the Superior Court of New Jersey pursuant to Fed. R. Civ. P. 12(b)(1) due to a lack of federal subject matter jurisdiction. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and for the reasons set forth below, Plaintiff's motion to remand is **granted**.

**I.    BACKGROUND**[1]

Stephen Agyabeng ("Plaintiff") is a New Jersey resident and former employee of Kmart Corp. ("Kmart") located in West Orange, New Jersey. Kmart is a foreign corporation, organized under the laws of Michigan with its principal place of business in Illinois. Defendants Michael

---

[1]The facts set forth in this Opinion are taken from the parties' respective submissions.

Turner, Jay Reyes, and Sheldon Sammy (collectively, the "Individual Defendants") are Plaintiff's former managers at Kmart and New Jersey residents.

Plaintiff was hired by Kmart as a sales associate in September 2001. In November 2006, he was promoted to craftsman specialist. Plaintiff alleges, without specifying when, that at some point during his tenure at Kmart he began experiencing discriminatory acts emanating from his managers. In February 2007, Plaintiff informed a Kmart vice president of racially charged language that was being directed towards African American workers. Shortly thereafter, Plaintiff complained to his manager, Defendant Sammy, about his alleged discrimination towards "black" employees.

Plaintiff alleges that in response to his complaints, Defendants undertook a series of retaliatory actions against him, including reducing his hours; denying him an expected pay increase; making wrongful accusations; denying him proper training; denying him reasonable accommodations in his shift times; and refusing to communicate with him. Plaintiff alleges that the Individual Defendants were each involved in these retaliatory actions.

On May 8, 2007, Plaintiff again complained about the alleged retaliatory acts, this time logging his complaint with what appears to have been Kmart's complaint hotline. Plaintiff alleges that he received no response. Approximately two weeks later, Plaintiff alleges that he was removed from a scheduled training program. Plaintiff was terminated on May 30, 2007.

Plaintiff filed a Complaint in the Superior Court of New Jersey, Essex County, on December 30, 2008, raising claims for: (1) employment discrimination; (2) retaliation; and (3) aiding and abetting. On February 19, 2009, Defendants removed the action to federal court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1441. Defendants answered the Complaint on February 23,

2009.  Currently before the Court is Plaintiff's motion to remand based upon a lack of federal diversity jurisdiction.

## II. STANDARD OF REVIEW

Removal of a case to federal court is governed by 28 U.S.C. § 1441.  Parties seeking removal under Section 1441 bear the burden of showing that federal subject matter jurisdiction exists.  See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).  Removal statutes are to be strictly construed against removal, however, and courts must "resolve any doubts in favor of remand."  See Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (3d Cir. 2001); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).  Under Section 1441, an action may be removed from state court only when the federal court would have had original jurisdiction over the matter.  See Allen v. GlaxoSmithKline PLC, 2008 WL 2247067, at *2 (E.D. Pa. May 30, 2008).  Accordingly, courts considering a motion for remand "must focus on the plaintiff's complaint at the time the petition for removal was filed," and "must accept as true all factual allegations in the complaint."  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Here, Defendants contend that this Court has diversity jurisdiction, and thus that removal was proper, because the non-diverse parties were fraudulently joined.  "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" See Boyer v. Snap-On Tools, Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth., 809 F.2d at 1010, 1012 n.6).  To justify removal based upon fraudulent

joinder, the moving party must prove that the claims against the non-diverse defendants are "wholly insubstantial and frivolous." See Batoff, 977 F.2d at 852. Indeed, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." See Boyer, 913 F.2d at 111 (3d Cir. 1990).

**III.    DISCUSSION**

Before the Court is Plaintiff's motion to remand this matter due to a lack of federal jurisdiction. Defendants contend that diversity jurisdiction exists because, even though Plaintiff and the Individual Defendants are both residents of New Jersey, the Individual Defendants were fraudulently joined, and thus must be disregarded for jurisdictional purposes. Because the Court finds that the Individual Defendants were not fraudulently joined, however, diversity jurisdiction does not exist, and this matter must be remanded. Because the Court finds that the Defendants had an "objectively reasonable basis" for seeking removal, Plaintiff's request for costs and attorneys' fees is denied.

    A.    *Plaintiff's Motion to Remand*

Defendants removed this case based upon diversity jurisdiction, asserting that the Individual Defendants' New Jersey citizenship should be disregarded because Plaintiff fraudulently joined them for the sole purpose of destroying diversity. Fraudulent joinder exists where "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[s]," or the plaintiff has "no real intention in good faith to prosecute the action against the defendant." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985).

4

Here, Defendants claim that the Individual Defendants were fraudulently joined because: (1) no viable claims were raised against them; (2) as individuals, they could not be liable under the New Jersey Law Against Discrimination ("NJLAD"); and (3) they had not been served at the time of removal.  The Court disagrees.  First, the Court finds that the Plaintiff raised "colorable" claims against each of the Individual Defendants.  Where a claim against a defendant is viable, "the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses."  See Batoff, 977 F.2d at 851.  Plaintiff has raised claims against his managers for allegedly using discriminatory language and for retaliating against him following his complaints to upper management.  Without passing on the merits of Plaintiff's claims, or even whether the Complaint is sufficient to survive a motion to dismiss, the Court nonetheless finds that Plaintiff has at least established a "reasonable basis in fact or colorable ground supporting the claim[s] against the joined defendant[s]."  See Abels, 770 F.2d at 32.  Accordingly, Defendants' assertion of fraudulent joinder may not rest upon an argument that Plaintiff failed to raise viable claims against the Individual Defendants.

Nor may Defendants rest their fraudulent joinder argument on the basis that individuals cannot be held liable under NJLAD.  NJLAD does not provide for direct primary liability for individuals. See Gibbs v. Massey, 2009 WL 838138, *4 (D.N.J. Mar. 26, 2009) (citing Cicchetti v. Morris Cty. Sheriff's Office, 947 A.2d 626 (N.J. 2008)).  Individuals may be held secondarily liable, however, under an aiding and abetting theory of liability.  See Gibbs, 2009 WL 838138, at *4.  Aiding and abetting requires "active and purposeful conduct."  See id.  Here, although the Complaint contains no express claims of "aiding and abetting," it appears to allege that the

5

Individual Defendants "active[ly] and purposeful[ly]" participated in Kmart's alleged scheme to discriminate and retaliate against Plaintiff. Again, without passing on the merits of the case, the Court finds that Plaintiff's allegations under NJLAD are neither "wholly insubstantial [nor] frivolous," and thus may not stand as a basis for finding fraudulent joinder. See, e.g., Batoff, 977 F.2d at 852–53.

Finally, Defendants' argument that the citizenship of the Individual Defendants should be disregarded for jurisdictional purposes because they had yet to be served at the time of removal is without merit. While the express language of Section 1441(b) requires that all defendants be "properly joined and served," courts have nonetheless found that the statute bars in-state defendants from removing to federal court "regardless of whether [they were] properly served at the time of removal." See DeAngelo-Shuayto v. Organon USA Inc., 2007 WL 4365311, at *3 (D.N.J. Dec. 12, 2007); Brown v. Organon Int'l Inc., 2008 WL 2833294, *4–5 (D.N.J. July 21, 2008). This interpretation of section 1441(b) is meant to ensure that defendants do not take advantage of the "properly joined and served" requirement by removing the case before service "in order to later claim federal jurisdiction, for lack of proper service." See DeAngelo, 2007 WL 4365311, at *5. Here, because the Individual Defendants are in-state defendants, they may not seek to assert federal diversity jurisdiction based upon their lack of service at the time of removal.

Accordingly, because Plaintiff has raised "colorable" claims against the Individual Defendants, and because the Individual Defendants may not seek removal based upon Plaintiff's failure to effect service prior to removal, the Court finds that the Individual Defendants were not

6

fraudulently joined, and thus that federal diversity jurisdiction does not exist. This action will therefore be remanded to the Superior Court of New Jersey.

      B.     *Plaintiff's Petition for Attorneys' Fees and Costs*

Plaintiff next seeks an award of the attorneys' fees and costs associated with its remand motion. Pursuant to 28 U.S.C. § 1447(c), the Court has discretion to award attorneys' fees in connection with a remand order where the removing party lacked an "objectively reasonable basis" for seeking removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); see also Newton v. Tavani, 962 F. Supp. 45, 48 (D.N.J. 1997). Where the claim for removal "raises difficult legal issues" and is not otherwise "insubstantial," however, an award of fees should not be granted. See Newton, 962 F. Supp. at 48. Here, the Court finds that Defendants' assertion of federal jurisdiction was based upon an "objectively reasonable" belief that the Individual Defendants had been joined solely for the purpose of destroying diversity jurisdiction. Accordingly, Plaintiff's request for attorneys' fees and costs is denied.

### IV.   CONCLUSION

For the reasons stated, it is the finding of the Court that Plaintiff's motion to remand is **granted**, and that Plaintiff's petition for attorneys' fees and costs is **denied**. An appropriate Order accompanies this Opinion.

                                      S/ Dennis M. Cavanaugh
                                      Dennis M. Cavanaugh, U.S.D.J.

Date:        July   13  , 2009
Orig.:       Clerk
cc:         All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File